IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JEFFERY MORRISON**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. **06-183-WDS** |
| | ) | |
| **DONALD HULICK**, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge William D. Stiehl pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the court are three related motions, filed by petitioner:

• Motion for Stay and Abeyance Procedure **(Doc. 31)**;

• Motion for Leave to File Amended Petition **(Doc. 32)**; and

• Motion for Leave to File Supplemental [sic] to Amended Petition **(Doc. 33)**.

Respondent filed a response in opposition at **Doc. 34.**

In **Doc. 32**, petitioner seeks leave to amend his petition to state additional grounds for habeas relief. Petitioner has tendered two proposed amended petitions. As described by petitioner, his proposed Amended Petition (I) sets forth both exhausted and unexhausted claims, and proposed Amended Petition (II) sets forth only exhausted claims. All of the claims in Amended Petition (II) are also stated in Amended Petition (I). In the event that the court grants leave to file Amended Petition (I), petitioner wants the court to also grant his motion for stay and abeyance, Doc. 31, so that he can attempt to exhaust his unexhausted claims in state court.

1

Finally, in Doc. 33, petitioner asks that, no matter what the court decides on the other motions, he be allowed to supplement the operative petition by adding a claim that he is actually innocent. He proposes to support this claim by using the affidavit of one Shawn Hollowell, another inmate in the IDOC. Hollowell claims that he was celled with petitioner's brother Glen Morrison in the Massac County Jail in late 1999, and that Glen confessed to Hollowell that Glen, and not petitioner, had killed Roxanne Colley.

**Procedural History**

On November 17, 1999, petitioner Jeffery Morrison was convicted by a Massac County jury of the first degree murder of Roxanne Colley. The victim had been the girlfriend of petitioner's brother, Glen Morrison. Petitioner was also convicted of two counts of aggravated kidnaping of the victim's four year old twin sons, one count of unlawful possession of a stolen motor vehicle, and one count of armed violence. The conviction for possession of a stolen motor vehicle was vacated on direct appeal. He was sentenced to concurrent terms of 40 years imprisonment for first degree murder, 10 years imprisonment for each count of aggravated kidnaping, and 12 years imprisonment for armed violence.

Morrison filed a direct appeal and postconviction petition in state court. After exhausting those procedures, Morrison filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Applying the mailbox rule, the petition was filed in this court on February 22, 2006. The original petition raised only the following three grounds for habeas relief:

1. The state played a videotape of petitioner being questioned by police. The tape showed petitioner invoking his right to counsel and terminating the questioning; trial counsel was ineffective and the "State court's decision was incorrect and unreasonable to [sic] federal law."

2. The conviction on two counts of aggravated kidnaping, a class X felony, should

> be modified to reflect that the offense is a class 1 felony, because the aggravated kidnaping statute was amended by legislation that violates the Illinois Constitution's single subject rule.
>
> 3. Petitioner was denied a fair trial when the trial court admitted, as a spontaneous declaration, an out-of-court statement made by the four year old son of the murder victim that "Jeff shot my mommy - shot her dead."

**Doc. 1, pp.9-10.**

## Motion for Leave to File Amended Petition (Doc. 32)

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." **28 U.S.C. §2242.** The court must apply Fed.R.Civ.P. 15 to determine whether leave to amend should be granted.

Morrison's habeas petition is subject to the one year limitation period set forth in **28 U.S.C. §2244(d)(1).** He does not seek to make a claim based on a newly recognized constitutional right, and he does not allege a state-created impediment to filing or a claim based on newly discovery facts. Petitioned does make a claim of actual innocence which is supported by alleged newly discovery evidence, i.e., the affidavit of Hollowell. The allegedly newly discovered facts do not form the basis for a constitutional claim, however, since a claim of actual innocence is not, of itself, grounds for habeas relief. Further, the claim that Morrison is actually innocent is not a new claim since, obviously, the claim was known to petitioner at the time of his trial, and his theory of defense has always been that the murder was committed by his brother. "As a matter of law, new evidence supporting a claim actually made at or before trial cannot form the basis of a new period under § 2244(d)(1)(D)." *Escamilla v. Jungwirth*, **426 F.3d 868, 871 (7th Cir. 2005)**. None of his new claims arises out of any newly-discovered facts. Therefore, the one year began to run on the date on which his conviction became final,

3

December 31, 2002.

Taking into account the time during which the one-year period was tolled by the pendency of his state postconviction petition, the one-year period elapsed on January 22, 2007. His habeas petition was timely filed on February 22, 2006, but the filing of the petition did not toll the running of the limitation period. ***Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120 (2001).**

Petitioner's Motion for Leave to File Amended Petition **(Doc. 32)** was filed on March 27, 2008, more than fourteen months after the one-year limitation period had run. Where a proposed amendment would be barred by the applicable statute of limitations, leave to amend is properly denied because the amendment would be futile. **See,** ***King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000)**.

Petitioner argues that his proposed amendments would relate back to the filing of his original petition because the amended claims relate to the same transaction or occurrence. Rule 15(c)(2) provides that an amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Petitioner argues that "the events alleged [in the amended petitions] were close in time and subject matter and led to Petitioner's unconstitutional conviction and wrongful, unjust incarceration." **Doc. 32, p.3**.

The issue of relation back in a habeas case is governed by ***Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562 (2005)**. In that case, the petitioner's relation back argument was very close to what Morrison argues here. The Supreme Court rejected the petitioner's position that claims arising out of the same "trial, conviction, or sentence" relate back because they arise out of the

4

same "conduct, transaction, or occurrence." *Mayle*, 545 U.S. at 664, 125 S. Ct. at 2574. The fact that all of claims arise out of the same trial does not mean that all claims relate back. On the contrary, the Court held that an amended habeas petition relates back only where the original claims and the amended claims "are tied to a common core of operative facts." *Id.*, **545 U.S. at 664, 125 S. Ct. at 2574-2575.**

The Court pointed out that the usual notice pleading rule does not apply to a habeas petition. Rather, Habeas Corpus Rule 2(c) requires that the petition must "specify all the grounds for relief available to the petitioner" *and* "state the facts supporting each ground." Further, the form for habeas petition, which was utilized by petitioner here, cautions that the petitioner must include all grounds and must state the facts that support each ground; the form warns the petitioner that he "may be barred from presenting additional grounds at a later date." *Id.*, 545 U.S. at 655-656, 125 S. Ct. at 2570.

In *Mayle*, the original petition claimed that the petitioner's Sixth Amendment confrontation clause rights were violated by the admission at trial of videotaped testimony of a witness for the state. He sought leave to amend to add a claim that police tactics during pretrial interrogation and the admission of his pretrial statements violated his Fifth Amendment rights. The Court held that the proposed amendment did not relate back because the new claim was "supported by facts that differ in both time and type from those the original pleading set forth." *Id.*, 545 U.S. at 649-649, 125 S. Ct. at 2566.

Here, Morrison filed his motion for leave to amend after the one-year limitation period expired. Therefore, the court must compare the grounds in the proposed amended petition to determine whether the new claims relate back. All of the grounds set forth in Amended Petition

5

(II) are also included in Amended Petition (I).

The first three grounds in both Amended Petition (I) and Amended Petition (II) are that (1) petitioner's constitutional rights were violated by the admission of the videotape of his pretrial interrogation, which showed him invoke his right to silence and ask for an attorney; (2) his attorney was ineffective in failing to object to the videotape; and (3) his rights were violated by the admission of the statement of the victim's son as a spontaneous declaration. Those claims were stated in the original petition.[1] However, with regard to the admission of the spontaneous declaration, the amended petition seeks to expand the point by also asserting that trial counsel was ineffective in that she refused petitioner's request to call Alex Colley as a witness so that he could be asked whether he saw petitioner shoot his mother, or whether, as petitioner contends, Glen Morrison told Alex that petitioner shot his mother. In addition, the amended petition grafts onto this point the claim that counsel was ineffective in failing to call Robert Simmons as a witness to testify that he did not hear Alex make the alleged statement.

Petitioner proposes to add eight new claims. In order to minimize confusion, the court will refer to these additional grounds by the numbers assigned to them in Amended Petition (1).

The eight new claims are as follows:

(4) The state engaged in prosecutorial misconduct by knowingly utilizing perjured testimony from "key state witnesses" Douglas McDonald and Glen Morrison.

(5) The state engaged in prosecutorial misconduct by knowingly allowing Glen Morrison to falsely testify that he had written a letter while he was in jail. Further, the prosecutor

---

[1] The claim that was presented as the second ground in the original petition, concerning the alleged violation of the Illinois Constitution's single subject rule, does not appear in the amended petition. That claim does not present a federal constitutional issue and is therefore not cognizable here.

referred to this nonexistent letter in his closing argument.

(6) Petitioner is actually innocent, as is demonstrated by the affidavit of Shawn Hollowell.

(7) Trial counsel had a per se conflict of interest because she had previously represented state's witness Andrea McDonald on an unrelated drug offense, and she failed to effectively cross examine the witness or object when the state failed to turn over the witnesses' rap sheet as Brady material.

(8) Petitioner's right to a fair and impartial jury trial was denied by the pervasive pattern of prosecutorial misconduct, demonstrated by the following:

> (A) the playing of the videotape referred to in the first ground for habeas relief;
> (B) offering evidence of the spontaneous statement by the victim's son, referred to in the third ground for habeas relief;
> (C) using the false testimony of Glen Morrison and Douglas McDonald, referred to in the fourth ground for habeas relief;
> (D) allowing Glen to testify falsely that he wrote a letter, and referring to the allegedly nonexistent letter in closing argument;
> (E) giving Glen Morrison a "deal" in exchange for his testimony against petitioner;
> (F) misrepresenting whether witness Andrea McDonald was still on probation;
> (G) failing to turn over as **Brady** material the criminal records of witnesses Andrea and Douglas McDonald;
> (H) making improper opening statement and closing argument, including references to petitioner's invocation of the right to remain silent during police questioning, indirect references to petitioner's failure to testify, and arguing perjured testimony as substantive evidence.

(9) Trial counsel was ineffective in the following respects:

> (A) failed to object to the admission of the videotape and to Alex Colley's out-of-court statement identifying petitioner as his mother's killer;
> (B) failed to object to the perjured testimony of Douglas McDonald and Glen Morrison, and to the state's reference to the nonexistent letter in closing;
> (C) failed to locate and interview Glen Morrison's cellmate, Shawn Hollowell, who would have testified that Glen admitted to killing Roxanne Colley;[2]

---

[2] The court notes that petitioner does *not* claim that he told his attorney about Shawn Hollowell at the time of trial. In fact, petitioner claims that he himself did not learn of Hollowell's claim that Glen Morrison confessed to killing Roxanne until sometime after petitioner had been convicted and ran into Hollowell at Menard Correctional Center.

7

(D) labored under a conflict of interest in that she had previously represented a state's witness;[3]
(F) failed to protect petitioner from pervasive prosecutorial misconduct;
(G) failed to object to the prosecutor's indirect reference to petitioner's failure to testify;
(H) failed to impeach Douglas McDonald with his prior inconsistent statements;
(i) failed to use grand jury testimony and prior inconsistent statements to impeach Glen Morrison;
(J) failed to familiarize herself with discovery and the facts of the case so that she could impeach Douglas McDonald and Andrea McDonald with their prior criminal records;
(K) failed to make a successful *Brady* challenge;
(L) failed to call Rose Ulmer, Alex Colley, or Katherine Tucker as defense witnesses.

(10) The prosecutor indirectly referred to petitioner's failure to testify by describing the evidence as "uncontradicted" in closing argument.

(11) Appellate counsel was ineffective for failing to raise on direct appeal all meritorious claims as set forth in grounds 1 through 10 above.

Amended Petition (II) contains only grounds 1 through 4 of Amended Petition (I).

The eight new claims described above do not relate back to the filing of the original petition because they are not "tied to a common core of operative facts." **Mayle, supra, 545 U.S. at 664, 125 S. Ct. at 2574-2575**. The new claims do not arise out of the admission of the videotape of petitioner's pretrial interrogation, or the admission of Alex's statement as a spontaneous declaration. Rather, the new claims are "supported by facts that differ in both time and type from those the original pleading set forth." **Id., 545 U.S. at 649-649, 125 S. Ct. at 2566**.

In addition, the amended petition seeks to expand the point related to the admission of Alex Colley's statement as a spontaneous declaration by claiming that trial counsel was

---

[3]This fact was known to petitioner at the time of his trial.

ineffective in failing to call Alex Colley and Robert Simmons to testify about Alex's alleged statement. The original petition did not make any claim of ineffectiveness of counsel associated with the admission of Alex's statement. The only claim of ineffective assistance of counsel made in the original petition was that trial counsel was ineffective in failing to object to the admission of the videotape of the pretrial interrogation of petitioner. The claim of ineffectiveness in failing to call Alex Colley and Robert Simmons does not relate back and is also barred by the statute of limitations.

Petitioner's proposed sixth ground is that he is actually innocent. However, a claim of actual innocence does not present grounds for habeas relief. "[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." ***Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 862 (1993).**

A claim of actual innocence may operate to permit consideration of claims that are procedurally barred because they were not presented in state court for one full round of consideration. However, actual innocence does not serve to toll the running of the one-year limitations period or independently excuse the late filing of habeas claims. A claim of actual innocence is not a freestanding exception to the one-year limitations period. Actual innocence is, in fact, "unrelated to the statutory timeliness rules." ***Escamilla v. Jungwirth*, 426 F.3d 868, 871-872 (7th Cir. 2005).**

Lastly, there is no basis for equitable tolling here. In a recent case, the Supreme Court noted that it has not yet decided whether the one-year limitations period is subject to equitable tolling. ***Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007)**. The Supreme Court held that,

9

assuming without deciding that equitable tolling applies, in order to qualify, a petitioner would have to show that he has been diligently pursuing his rights, and that "extraordinary circumstances" prevented him from filing a timely petition. *Id.* In his motion for leave to amend, petitioner suggests that he "did not understand the legal necessity" to amend his petition until another prisoner reviewed his case and identified the new claims contained in the proposed amended petition. Even if equitable tolling applies, these are not extraordinary circumstances. See, *Lawrence, id.; Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004); *Johnson v. Chandler*, **224 Fed.Appx. 515, 518-520 (7th Cir. 2007)("mistakes of law and ignorance of proper legal procedures are not sufficiently extraordinary to warrant tolling").**

Therefore, this court concludes that the motion for leave to amend should be denied because the new claims are barred by the statute of limitations.

### Motion for Stay and Abeyance Procedure (Doc. 31)

According to Amended Petition (I), the claims numbered 6, 7, 8, 9, 10, and 11 were not exhausted in state court proceedings. Those claims were also not presented in the original habeas petition in this court. Petitioner asks the court to stay his habeas case so that he can go back to state court and exhaust those claims, or, in the alternative, to excuse his procedural default and reach those unexhausted claims.

The Supreme Court has approved of holding a habeas petition in abeyance when the petition is "mixed," that is, it contains both exhausted and unexhausted claims. *Rhines v. Weber*, **544 U.S. 269, 125 S.Ct. 1528 (2005)**. While the federal case is stayed, the petitioner has the opportunity to exhaust his claims in state court. The procedure is to be used only in limited circumstances, and is only appropriate where the petitioner demonstrates that he had good cause

10

for failing to exhaust his claims in state court. ***Rhines,*** **544 U.S. at 277, 125 S.Ct. at 1535.** Petitioner here has not made any such showing of good cause, but there is a more fundamental reason why the stay and abeyance procedure cannot be used here: Morrison's petition was not a *timely-filed* mixed petition.

The unexhausted claims are barred by the statute of limitations, for the reasons explained above. The stay and abeyance procedure only applies to unexhausted claims that are brought in a timely-filed habeas petition. Prior to the enactment of the one-year statute of limitations, the procedure was to dismiss a mixed petition. The very purpose of the stay and abeyance procedure is to allow exhaustion without running afoul of the one-year limitations period. ***Rhines,*** **544 U.S. at 275-276, 125 S.Ct. at 1533-1534.** The procedure simply has no application in Morrison's situation; where the claims are barred by the one-year statute of limitations, they cannot be considered in this court, regardless of whether they are exhausted or not.

Further, Morrison has completed his state court proceedings at this juncture. Even if he could persuade the state court to permit him to bring another collateral attack on his conviction, such a state court decision would not reset the one-year clock for filing a federal habeas petition. ***Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005)**. In short, the impediment to consideration of the claims 6, 7, 8, 9, 10, and 11 is not only that they are unexhausted; it is that they were not filed within the one-year period and they do not relate back to the filing of the original petition.

### Motion for Leave to File Supplemental [sic] to Amended Petition (Doc. 33)

No matter how the court rules on the motion for leave to amend and the motion for stay and abeyance, Morrison asks the court to permit him to supplement the operative petition to add

11

a claim that he is actually innocent. He supports his claim of actual innocence by the affidavit of Shawn Hollowell.

Hollowell is a fellow inmate in the IDOC. He claims that he and Glen Morrison were celled together in the Massac County jail in late 1999. He claims that Glen Morrison confessed to him at that time that he, Glen, had killed Roxanne and that he was framing petitioner for the crime. At paragraph 4 of the affidavit, Hollowell states that he has never provided this information before because "he did not know the importance of it nor had anyone ever interviewed [him] concerning this matter." A copy of the affidavit is attached hereto for ease of reference.

Petitioner argues that the affidavit of Hollowell is newly discovered evidence and, had Hollowell testified at his trial, it is more likely than not that no reasonable jury would have convicted him.

As was noted above, a claim of actual innocence is not an independent ground upon which habeas relief can be granted. **Herrera v. Collins, 506 U.S. 390, 404, 113 S.Ct. 853, 862 (1993).**[4] "[A] conviction does not violate the Constitution (or become otherwise subject to collateral attack) just because newly discovered evidence implies that the defendant is innocent. [internal citation omitted.] The Constitution guarantees a trial designed to separate the guilty from the innocent; it does not ensure that these procedures always work." **U.S. v. Evans, 224 F.3d 670, 674 (7th Cir. 2000)**.

---

[4] In **Herrera**, the Supreme Court assumed without holding that, in a capital case, "a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." **506 U.S. at 417, 113 S.Ct. at 869**. However, this is not a capital case, and Hollowell's affidavit falls far short of a truly persuasive demonstration of actual innocence.

The role of actual innocence in habeas jurisprudence is that a colorable claim of actual innocence permits the court to excuse procedural default, meaning the failure to adequately present the federal constitutional claim for a full round of consideration by the state court. **See, *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851 (1995).** However, a claim of actual innocence does not permit the court to waive the one-year limitations period and reach untimely claims. *Escamilla v. Jungwirth*, 426 F.3d 868, 871-872 (7th Cir. 2005). Thus, even if his claim of actual innocence is adequately supported, it cannot excuse the untimely filing of the motion for leave to amend.

Morrison's claim of actual innocence will come into play when the court considers the merits of his claim for habeas relief. Respondent contends that only one aspect of one of the timely-filed claims for habeas relief is procedurally defaulted. **See, Answer, Doc.10.** Reading the first claim broadly, Morrison is claiming that the admission of the tape violated his due process rights, and trial counsel was ineffective in failing to object thereto. Respondent contends that the due process claim is procedurally defaulted. **See, Doc. 10, p. 27.**

Without expressing any opinion at this time as to the sufficiency of the actual innocence claim, the court recommends that the Motion for Leave to File Supplemental [sic] to Amended Petition **(Doc. 33)** be granted. Petitioner's "Supplemental [sic] to Petition for Writ of Habeas Corpus" should be filed, and the court later will consider whether his claim of actual innocence operates to excuse his procedural default.

### **Recommendation**

This court recommends that petitioner's Motion for Stay and Abeyance Procedure **(Doc. 31)** and Motion for Leave to File Amended Petition **(Doc. 32)** be **DENIED**, and that his Motion

13

for Leave to File Supplemental [sic] to Amended Petition **(Doc. 33)** be **GRANTED**.

Objections to this Report and Recommendation must be filed on or before **May 15, 2008.**

**DATE:  April 28, 2008.**


**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**