# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEFFREY MORRISON,** | ) |
| Petitioner, | ) |
| v. | ) Case No. 06-CV-0183-MJR |
| **DONALD GAETZ,**[1] | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

On May 27, 2009, petitioner Morrison filed a motion for relief under **FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6)** (Doc. 55). Therein, Morrison asks that the Court reconsider the denial of his Motion for Stay and Abeyance and his Motion for Leave to File an Amended Petition (*See* Doc. 41).

## A. Background

On November 17, 1999, a jury convicted Morrison of the first degree murder of Roxanne Colley, two counts of aggravated kidnaping of Colley's twin sons, one count of armed violence, and one count of possession of a stolen motor vehicle.[2] Morrison exhausted his state court remedies with respect to several of these convictions by filing a direct appeal and post-conviction collateral proceedings in Illinois state court.

On February 22, 2006, Morrison filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this District Court (Doc. 1). The petition was originally assigned to the Honorable

---

[1] Donald Gaetz is now the warden of Menard Correctional Center, and is substituted as respondent herein. *See* **RULES GOVERNING SECTION 2254 CASES, Rule 2(a).**

[2] Morrison's conviction for possession of a stolen motor vehicle was later vacated on appeal (*See* Doc. 35).

-1-

William D. Stiehl. On March 27, 2008, Morrison filed motions for stay and abeyance procedure (Doc. 31), leave to file an amended petition (Doc. 32), and leave to file a supplement to his petition (Doc. 33). Magistrate Judge Clifford J. Proud filed a Report on April 28, 2008 recommending that the Court deny Morrison's motions for stay and abeyance and for leave to amend his petition. However, Judge Proud recommended that the Court grant Morrison's motion to supplement (Doc. 35). After considering Morrison's objections (Doc. 40), Judge Stiehl adopted the Report, denied Morrison's motions for stay and abeyance and for leave to file an amended petition, and granted his motion for leave to supplement (Doc. 41). The Court found that Morrison filed his Motion for Leave to Amend the Petition after the statute of limitations had run, and that the new claims in his proposed amendments did not relate back to the original complaint. Additionally, the court found that the stay and abeyance procedure would be improper because the claims he wished to exhaust were time barred.

On May 7, 2009, this case was reassigned from Judge Stiehl to the undersigned District Judge. Shortly thereafter, Morrison filed the instant "Motion for Rule 60 Relief" (Doc. 55).

### B. Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 60(b)** permits a district court to relieve a party from an Order on the following narrow grounds: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief" from operation of the Order. A Rule 60(b) motion "exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" **Cash v. Illinois Div. of Mental Health, 209 F.3d 695, 698 (7th Cir. 2000).** The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. **See Romo v. Gulf Stream Coach, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).** Rule 60(b) may not be used as a substitute for an appeal or to rehash the merits of arguments previously raised and rejected by the Court. **See Stoller v. Pure Fishing, Inc., 528 F.3d 478, 479 (7th Cir. 2008).**

Rather than arguing that relief is justified under one of Rule 60(b)'s specified bases, however, Morrison points to Rule 60(b)(6), which permits the Court to grant the motion "for any other reason that justifies relief." Morrison claims the denial of his motions amounts to an abuse of discretion by the Court. He argues that the Court failed to fully address his arguments in favor of his motions, and reiterates his position that the issues raised in his proposed amendments are inseparable from those raised in his original petition (Doc. 55). Morrison raises no other grounds for relief and elects to simply rehash the grounds raised in his earlier motions without presenting any new arguments.

Because these arguments have already been rejected, Rule 60(b) relief is unavailable. Essentially, Morrison asks the Court to review Judge Stiehl's findings without presenting any separate grounds for relief that were not already considered. Morrison is not entitled to a new round of argument simply because the case has been reassigned. As this Court noted earlier, Rule 60(b) is not a substitute for an appeal. *See Stoller,* **528 F.3d at 479.** Therefore, Morrison's motion must be denied.

### C. Conclusion

As Morrison has failed to identify any mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief," the Court hereby **DENIES** Morrison's motion for relief under Rule 60(b) (Doc. 55).

**IT IS SO ORDERED.**

**DATED this 24th day of June 2009.**

> s/ Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**