IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFERY MORRISON, | ) |
| | ) |
|         Petitioner, | ) |
| | ) |
| vs. | )   Case No. 06-cv-0183-MJR |
| | ) |
| DONALD GAETZ, | ) |
| | ) |
|         Respondent. | ) |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

### I.     Introduction

A Massac County jury convicted Petitioner Jeffery Morrison on November 17, 1999, of the first-degree murder of Roxanne Colley, two counts of aggravated kidnapping of Colley's twin sons, one count of armed violence and one count of unlawful possession of a stolen motor vehicle.[1] In March 2006, Morrison filed the above-captioned civil proceeding, pursuant to 28 U.S.C. § 2254, seeking a new trial. After the issues were fully briefed and considered, the Court denied Morrison's request for § 2254 relief and dismissed this case in January 2010. Judgment was entered against Morrison on January 29, 2010.

Morrison filed a notice of appeal and motion for certificate of appealability on February 12, 2010 (Docs. 61, 63). Morrison simultaneously filed a motion for leave to appeal *in forma pauperis*, and, on February 26, 2010, an amended motion for pauper status which included

---

[1] The trial court vacated Morrison's conviction for possession of a stolen motor vehicle after determining it was a lesser included offense of armed violence.

a copy of his trust fund statement (Docs. 64, 68).[2] The Court found these motions for pauper status to be moot under Federal Rule of Appellate Procedure 24(a)(3) because Morrison had been granted leave to proceed *in forma pauperis* in this action on July 18, 2006 (Doc. 4). The Court now **VACATES** this Order (Doc. 69) and will herein rule on both Morrison's motion for certificate of appealability and his motions for leave to appeal in forma pauperis.

## II.   Analysis

**28 U.S.C. § 2253(c)(1)** requires a certificate of appealability for any appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." But **§ 2253(c)(2)** provides that a certificate of appealability shall issue only if the movant "has made a substantial showing of the denial of a constitutional right."

For the reasons detailed in the Court's exhaustive Order denying habeas relief, the undersigned District Judge concludes that Morrison has *not* made a substantial showing of the denial of a constitutional right. Therefore, the Court **DENIES** his motion for certificate of appealability (Doc. 63).

However, a more liberal standard applies to motions for leave to proceed in forma pauperis on appeal. ***Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998).** In *Pate*, the Seventh Circuit clarified "the district court's responsibilities when making good faith determinations under Federal Rule of Appellate Procedure 24." ***Pate*, 163 F.3d at 438.** Reiterating that the standard governing *in forma pauperis* on appeal is more liberal than the standard governing certificates of probable cause (now "certificates of appealability"), the Seventh Circuit concluded, "...we caution

---

[2] The Court notes that Morrison's amended motion is more in the nature of a supplement to his original motion because it simply adds his affidavit and trust fund statement to the motion.

district courts not to apply an inappropriately high standard when making good faith determinations." *Id*. **at 439;** *see Lee v. Clinton***, 209 F.3d 1025, 1026 (7th Cir. 2000)(noting that the common legal meaning of the term "bad faith" is "to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit").**

   Rule 24 (a)(3) of the Federal Rules of Appellate Procedure provides in pertinent part:

> A party who was permitted to proceed in forma pauperis in the district-court action,... may proceed on appeal in forma pauperis without further authorization, unless:
>
>  **(A)** the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;... **Fed.R.App.P. 24(a)(3)**.

Morrison was granted pauper status in the underlying action and, accordingly, may proceed on appeal *in forma pauperis* without further authorization if the undersigned Judge certifies that the appeal is taken in good faith.

   In support of Morrison's motion, he submits that he received ineffective assistance of trial counsel; that his Sixth Amendment right to confront the witness against him was denied; and that he is actually innocent. As such, the Court finds that Morrison's appeal is taken in good faith because a reasonable person could suppose his claims to have merit. Accordingly, the Court **CERTIFIES** that Morrison's appeal is taken in good faith and **GRANTS** his motions for leave to appeal in forma pauperis (Doc. 64, 68).

   **III.** **Conclusion**

   In summary, the Court **VACATES** its March 4, 2010 Order (Doc. 69), **DENIES** Morrison's motion for certificate of appealability (Doc. 63) and **GRANTS** Morrison's motion for leave to appeal *in forma pauperis* (Doc. 64) and his amended motion for leave to appeal *in forma*

*pauperis* (Doc. 68).

**IT IS SO ORDERED.**

**DATED this 7th day of April, 2010**

                                            **s/Michael J. Reagan**
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**